JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY OH,<br><br>            Plaintiff,<br><br>    v.<br><br>RICKS PICKS USA, LLC,<br><br>            Defendants. | Case No. 2:24-cv-06728-FLA (MAAx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING MOTION TO DISMISS AS MOOT [DKTS. 12, 19]** |

## RULING

On July 3, 2024, Plaintiff Judy Oh ("Plaintiff") initiated this action against Defendant Ricks Picks USA, LLC ("Defendant") in the Los Angeles County Superior Court, bringing claims for fraud and injunctive relief for violation of the California Consumer Legal Remedies Act ("CLRA"). Dkt. 1-1 ("Compl.").

On August 8, 2024, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1. In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332, claiming "[a]t least $75,000 is at stake in this litigation" based on the cost of injunctive relief and recovery of attorney's fees. *Id.* at 5–6. On August 21, 2024, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction

1

due to an insufficient amount in controversy. Dkt. 12. Both Plaintiff and Defendant filed responses. Dkts. 16 ("Def. Resp."); 17.

Having reviewed the Notice of Removal and both responses to this court's Order to Show Cause, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

## **LEGAL STANDARD**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

# DISCUSSION

As an initial matter, the Complaint states expressly "Plaintiff does not seek in excess of $75,000 in damages, exclusive of costs. The minor injunctive relief requested by Plaintiff can be accomplished for less than $25,000." Compl. ¶ 48. That Plaintiff's First Amended Complaint (Dkt. 14), filed after Defendant removed the action to this court, states "the amount in controversy exceeds the sum or value of $75,000" (*id.* at 4) is immaterial as the amount in controversy is determined at the date of removal. *See Chavez v. JP Morgan*, 888 F.3d 413, 418 (9th Cir. 2018); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (post-removal amendments to a complaint have no bearing on whether removal was proper). "Where, as here, a plaintiff specifically alleges that the amount in controversy is less than the jurisdictional threshold, a defendant has the burden of showing with legal certainty that the amount in controversy exceeds $75,000." *Grijalva v. Arredondo*, Case No. 19-cv-01701-SK, 2019 WL 2213889, at *2 (N.D. Cal. May 2, 2019) (internal citation omitted). Defendant fails to satisfy this high burden.

Defendant first argues the cost of compliance with an injunction to "add a [] fill line to its packaging … puts the amount in controversy above $75,000." Def. Resp. at 5. Defendant offers the declaration of its Global Quality Manager, who attests "adding a fill line would require" Defendant to "design and print fill-line stickers (0.8-1 [*sic*] USD/unit), hire one or more additional full-time employees (18-20 UDS [*sic*] /hr) to individually assess each package, and manually place the sticker which would cost over $75,000." Dkt. 16-1 ¶ 6. Without additional evidence as to how many stickers Defendant would be required to print, how many additional employees would need to be hired, or how many hours these "additional" employees would be required to work, the court cannot calculate the total expected cost of compliance, and thus, cannot determine whether the cost of compliance with an injunction will exceed $75,000.

     Defendant also seeks to include Plaintiff's potential recovery of attorney's fees in its calculations. Def. Resp. at 5–6. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see* Cal. Civ. Code § 1780(e) ("The court shall award costs and attorney's fees to a prevailing plaintiff" in a CLRA action). However, a removing defendant must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.* Defendant fails to submit evidence of or identify comparable attorney's fee awards in other factually similar actions, as required for the court to conclude it is more likely than not Plaintiff will recover attorney's fees if she prevails here. It is insufficient for Defendant to merely point to other cases in which attorney's fees were awarded without identifying how the facts in those cases are analogous to those in the instant action. *See* Def. Resp. at 8.

     Thus, Defendant fails to satisfy its burden of establishing, to a legal certainty, that the amount in controversy exceeds the jurisdictional minimum.

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 24STCV16683. Defendant's pending Motion to Dismiss (Dkt. 19) is DENIED as moot. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: September 25, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

5